# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SAUNDRA THOMAS, Individually and as Administratrix Ad Prosequendum and General Administrator of the Estate of BERRY THOMAS, Deceased

               Plaintiffs,

v.

JOHN FENWICK SERVICE PLAZA, HMS HOST FAMILY RESTAURANTS, INC., AAA LIFE INSURANCE COMPANY, NEW JERSEY TURNPIKE AUTHORITY, JOHN DOE (Fictitious Name), and ABC COMPANY (Fictitious Company),

               Defendants.

**OPINION AND ORDER**

Civ. No. 2:17-cv-04366 (WHW) (CLW)

**Walls, Senior District Judge**

Pending before the Court is Plaintiff Saundra Thomas's motion to remand. Decided without oral argument pursuant to Local Rule 78, the motion is granted.

## DISCUSSION

This case involves a slip and fall that occurred on January 17, 2017 on a property at or about milepost 54 on the New Jersey Turnpike. Am. Compl. ¶ 2, ECF No. 5. Plaintiff is the widow and Administratrix ad Prosequendum and General Administratrix of decedent Berry Thomas, the individual who slipped. *Id.* ¶ 1. Defendants John Fenwick Service Plaza, HMS Host Family Restaurants, Inc., New Jersey Turnpike Authority, John Doe (Fictitious Name), and ABC Company (Fictitious Name), owned, maintained, and controlled the real property on which the incident occurred. *Id.* ¶ 2. According to the Amended Complaint, the slip occurred due to icy

1

conditions of a sidewalk. *Id.* ¶ 4. The incident caused decedent severe bodily injuries which required medical treatment, and ultimately led to his death on February 15, 2017. *Id.* ¶ 6.

On April 7, 2018, Plaintiff filed suit in Superior Court of New Jersey asserting, *inter alia*, negligence and wrongful death. Not. of Removal, Ex. A, ECF No. 1. In the original Complaint, Plaintiffs named John Fenwick Service Plaza, HMS Host, AAA Life Insurance Company, John Doe (Fictitious Name), and ABC Company (Fictitious Company) as defendants, but did not name New Jersey Turnpike Authority.

Defendants removed the action to this Court on May 10 on the basis of diversity jurisdiction. Defendants filed an answer on May 16, wherein they stated that "[t]he premises in question are owned by the New Jersey Turnpike Authority." Ans. ¶ 2, ECF No. 3.

On May 19, 2018, Plaintiffs filed an Amended Complaint asserting the same claims against the same defendants, with the addition of New Jersey Turnpike Authority. Am. Compl. ¶ 2. That same day, Plaintiffs moved to remand to state court, asserting that the addition of the New Jersey Turnpike Authority destroyed diversity jurisdiction. ECF No. 6.

Under 28 U.S.C. § 1332, the district courts have subject-matter jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

Defendants do not dispute that New Jersey Turnpike Authority is a resident of New Jersey, but argue that their inclusion does not destroy diversity jurisdiction because they are a "nominal defendant with no real connection to the lawsuit." Def's. Br. at *5 (quoting *Navarro*

*Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). Plaintiff respond that NJTA has an interest in this lawsuit because it owns a "non-delegable duty to business invitees such as decedent to maintain its sidewalks in a reasonably safe condition." Pl's. Reply at 2, ECF No. 12.

It is axiomatic that "the 'citizens' upon whose diversity a [party] grounds jurisdiction must be real and substantial parties to the controversy." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 258 (3d Cir. 2013) (quoting *Navarro Sav. Ass'n*, 446 U.S. at 460). The Third Circuit has explained that "[n]ominal parties are generally those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).

The parties do not dispute that NJTA is the owner of the property on which decedent slipped and fell as a result of the alleged failure to maintain safe premises. Defendant maintains that NJTA no longer has an interest in the suit because an Operating Agreement between it and Defendant HMS Host includes a provision requiring HMH Host to "keep clean at its own cost and expense the sidewalks, grounds and shrubbery immediately adjacent to and within the curb lines around the buildings," and that it "shall remove all snow and ice promptly from the sidewalks." Def's. Br. at *3. Defendant accordingly asserts that NJTA is not responsible for snow and ice removal in the sidewalk area, and their inclusion does not destroy diversity jurisdiction.

The Court rejects Defendant's argument. Contrary to Defendant's claim that Plaintiff added NJTA as a ruse to destroy diversity jurisdiction, NJTA was named as defendant in direct response to Defendant's admission in its Answer that NJTA owned the property in question. Perhaps as a matter of state law, NJTA will ultimately avoid liability on the basis of the Operating Agreement; however, such issues would be properly resolved at a motion to dismiss or a motion for summary judgment after adequate discovery and briefing. At this stage in the

litigation, the NJTA has a "real interest in the litigation," *Bumberger*, 952 F.2d at 767, as an owner of the property and is not a nominal party.

Consequently, the Court finds that there is not complete diversity between the parties. It is hereby;

ORDERED that the motion to remand, ECF No. 6 is granted; and it is further

ORDERED that the case be remanded to the Superior Court of New Jersey, Essex County.

Date: 16 August 2018

Hon. William H. Walls
United States Senior District Judge